The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing parties have shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission finds as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction over the parties and the subject matter. At the relevant times, the parties were subject to the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and the plaintiff at the relevant time.
3. At that time, the Home Indemnity Company was the workers' compensation insurance carrier on the risk.
 ***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. The plaintiff, age forty-four, has been a truck driver for approximately twenty years. He began working for the defendant-employer in December, 1993, as tractor-trailer dump truck driver.
2. The plaintiff's average weekly wage was $621.81, yielding the weekly compensation rate of $414.56.
3. On or about December 28, 1993, he sustained an injury by accident arising out of and in the course of his employment with the defendant-employer when he fell down some metal stairs at work, hitting his buttocks on the steps as he fell from the top to the bottom. The pain in his buttocks and legs was so severe at the time that he lay on the ground for several minutes until he could get up. After resting approximately forty-five minutes, he reported the accident to someone on duty in the office, and then returned to work loading his truck.
4. The plaintiff continued doing his regular job. However, by January 8, 1994, the pain in his buttocks had become so severe that he went to the Moore Regional Hospital Emergency Room. The plaintiff was seen at the Emergency Room with an abscessed pilonidal cyst of approximately one week duration. The cyst was drained and packed.
5. The plaintiff continued treatment for the abscessed pilonidal cyst with Dr. Thomas F. Street, a general surgeon. Dr. Street operated on the plaintiff on April 11, 1994, removing the cyst.
6. The plaintiff had a non-symptomatic pilonidal cyst pre-existing his December, 1993, accident. Dr. Street testified, and the undersigned find, that trauma to the area caused the skin inside the cyst to tear and become infected, resulting in the abscess that caused the plaintiff's painful symptoms, and necessitating the surgery. The abscess was primarily caused by the plaintiff's December, 1993, accident, but the plaintiff's bouncing up and down in the truck seat as he drove could have aggravated the problem.
7. The plaintiff's December, 1993, injury by accident materially aggravated the plaintiff's pre-existing, non-symptomatic pilonidal cyst resulting in an abscess and the need for medical treatment and surgery.
8. As a result of the injury by accident, the plaintiff was unable to work for defendant-employer following March 30, 1994. On July 13, 1994, Dr. Street indicated that the plaintiff was unable to return to driving a truck. At this time, Dr. Street anticipated that the plaintiff would be unable to return to his regular job for two more months. He did not indicate that the plaintiff was unable to return to work in another capacity. The defendant-employer, however, did not offer the plaintiff any light duty work. In fact, the defendant-employer told him that the plaintiff's truck could not continue to sit idle, and that the plaintiff should turn in his uniform.
9. The plaintiff did not return to Dr. Street after July 13, 1994. The plaintiff's abscessed pilonidal cyst healed and although his buttocks become sore if he drives too long, he currently has no aggravation problems in that area as a result of his compensable injury. He has sustained no compensable permanent partial disability as a result of the December, 1993, injury by accident.
10. The plaintiff conducted a reasonable job search beginning July 26, 1994 and obtained a job as part-time store clerk for Wilco (A. T. Williams Oil Company) beginning August 11, 1994, and continuing through October 25, 1994, making less than his pre-injury wages. Plaintiff's total amount earned at Wilco during this period of time was $1,213.13, thus entitling him to temporary partial disability for partial loss of his wage-earning capacity. He also received unemployment compensation benefits for a period of time in the amount of $1,693.00.
11. The plaintiff reached maximum medical improvement with no permanent partial disability and returned to full-time regular work driving a truck with Arrowood on October 27, 1994.
12. As a result of the December 1993 injury by accident, the plaintiff was unable to earn any wages with the defendant or in any employment from March 30, 1994 until August 11, 1994, the date he began working with Wilco. As a result of the December 1993 injury by accident, the plaintiff was not able to earn his pre-injury wages, but instead had a reduced earning capacity, from August 11, 1994 until October 27 1994, when he returned to his regular occupation driving a truck with Arrowood at equal or greater than his pre-injury wages.
 ***********
Based upon the foregoing findings of fact, the undersigned make the following:
 CONCLUSIONS OF LAW
1. On or about December 28, 1993, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C.G.S. § 97-2(6).
2. As a result of the compensable injury, the plaintiff was temporarily and totally disabled from April 1, 1994 until August 11, 1994, the date he began working with Wilco and is therefore entitled to compensation at the rate of $414.56 for that period of time. N.C.G.S. § 97-29.
3. As a result of the compensable injury, the plaintiff was temporarily and partially disabled from August 11, 1994, the date he began working with Wilco until October 24, 1994, when he began working at Arrowood and is therefore entitled to compensation for temporary partial disability to be calculated according to N.C.G.S. § 97-30 for this period of time.
N.C.G.S. § 97-30.
4. The defendants are entitled to a credit for unemployment benefits paid to the plaintiff, in the amount of $1,693.00. N.C.G.S. § 97-42.1.
5. The plaintiff is entitled to have the defendants provide all medical compensation arising from this injury by accident. N.C.G.S. § 97-2(19), § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. The defendants shall pay all medical compensation arising from this injury by accident.
2. The defendants shall pay plaintiff temporary total disability compensation in the amount of 414.56 per week for the period of time from April 1, 1994 through August 10, 1994, subject to the attorney's fee provided below and allowing defendants a $1,693.00 credit for unemployment benefits paid plaintiff. As said amount has accrued, it shall be paid in a lump sum.
3. The defendants shall pay plaintiff temporary partial disability compensation in the amount of $339.08 per week from August 11, 1994 through October 25, 1994. Such amount has accrued and shall be paid in a lump sum, subject to the attorney's fee provided below.
4. Plaintiff's attorney shall be entitled to a reasonable attorney's fee in the amount of twenty-five percent (25%), to be deducted and paid directly to counsel from amounts accrued.
5. The defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be removed from the Full Commission hearing docket.
This the _____________ day of ____________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws